UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANA JONES, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | ) CAUSE NO. 1:16-cv-03076 |
| | ) |
| INDIANA BELL TELEPHONE | ) |
| COMPANY, INC. d/b/a AT&T, | ) |
| | ) |
|    Defendant. | ) |

## COMPLAINT & DEMAND FOR JURY TRIAL

### I.  Nature of the Case

Plaintiff, Dana Jones ("Plaintiff" or "Jones"), by counsel, brings this action against her employer, Indiana Bell Telephone Company, Inc. d/b/a AT&T ("Defendant" or "AT&T") alleging violations of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12101 *et seq*.

### II.  Parties

1. Jones is a resident of the State of Indiana and has resided within the jurisdiction of the U.S. District Court for the Southern District of Indiana at all relevant times relevant to this case.

2. Defendant is located within the Southern District of Indiana.

### III.  Jurisdiction and Venue

3. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A).

4. Jones is an "employee" within the meaning of 42 U.S.C. § 12111(5)(A).

5. Jones is a qualified individual with a disability, is regarded as disabled, and/or has a record of disability as defined by the ADA.

6. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 42 U.S.C. § 12117.

7. Jones satisfied her obligations to exhaust her administrative remedies and now timely files her lawsuit.

8. Venue is proper pursuant to 28 U.S.C § 1391 because the events giving rise to this complaint happened in the Southern District of Indiana, Indianapolis Division.

## IV. FACTUAL ALLEGATIONS

9. Jones began her employment with AT&T in or about September 25, 1995.

10. Throughout her employment with AT&T, Jones met or exceeded all of AT&T's legitimate employment expectations.

11. Jones suffers from severe mold allergies, as well as, depression and anxiety.

12. At all times relevant to this Complaint, Jones worked as a Design Specialist.

13. From about April 2010 to about April 2015, Jones worked at AT&T's offices located at 5858 N. College Avenue, Indianapolis ("College Ave").

14. In or about May 2015, Jones was transferred to AT&T's office located at 240 N. Meridian Avenue, Indianapolis ("Meridian Ave").

15. Jones had previously worked at Meridian Ave. and received accommodations because the environment at Meridian Ave exacerbated her mold allergies, including but not limited to, Jones developing nasal polyps that required surgery.

16. Upon beginning to work at Meridian Ave in May 2015, Jones' mold allergies were again exacerbated, including, but not limited to, Jones developing nasal polyps that required surgery and severe sinus infections.

17. In or about July 2015, Jones complained to her manager, Kristyn Parker, about the environment at Meridian Ave exacerbating her mold allergies and severe sinus infections.

18. On or about November 13, 2015, Jones submitted a request for accommodation requesting to be transferred to different work location.

19. On or about December 11, 2015, Jones bid on another job in order to be transferred to different work location. Jones was not awarded the job.

20. On or about December 23, 2015, AT&T assigned Jones to its 5636 Progress Road, Indianapolis ("Progress Road") location.

21. While at Progress Road, Jones did not develop any nasal polyps and did not suffer from any sinus infections.

22. On or about January 4, 2016, AT&T contacted Jones to inform her that she would have to begin reporting to the Meridian Ave location again by January 11, 2016.

23. AT&T told Jones that she was required to report back to Meridian Ave because her move to Progress Road was temporary and because the location did not house any of Jones' team members and no direct supervisors.

24. At the time she was transferred to Progress Road, Jones was not told that the move was temporary.

25. AT&T has allowed other similarly situated, non-disabled Design Specialists to change job locations and work apart from team members and direct supervision upon request, including allowing Design Specialists to work at locations closer to their homes and to work from home on a permanent basis.

26. AT&T's refusal to accommodate Jones' requests to work at a location other than Meridian Ave has also exacerbated her depression and anxiety symptoms resulting in her need to request a leave of absence as an accommodation.

27. Jones has not performed work for AT&T since January 11, 2016 due to AT&T's refusal to accommodate her.

28. AT&T has failed to engage in the interactive process or accommodate Jones in violation of the ADA.

29. Any reasons proffered by AT&T for any adverse actions it has taken against Jones are pretext for unlawful discrimination.

30. AT&T unlawful actions were intentional, willful, and done in reckless disregard of Jones' rights as protected by the ADA.

31. Jones has been damaged as a result of AT&T's unlawful actions, including but not limited to: lost wages and benefits, emotional distress and embarrassment, and attorneys' fees and costs.

## V.  Causes of Action

### COUNT I – VIOLATIONS OF THE ADA

32. Jones hereby incorporates paragraphs 1-31.

33. Defendant took adverse employment actions against Jones, including subjecting her to disparate treatment, because of her disability and/or record of disability and/or because Defendant perceived Jones to be disabled in violation of the ADA.

34. Defendant failed to engage in the interactive process or accommodate Jones in violation of the ADA.

35. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Jones' rights as protected by the ADA.

36. Jones has been damaged as a result of AT&T's unlawful actions, including but not limited to: lost wages and benefits, emotional distress and embarrassment, and attorneys' fees and costs.

## VI.  Relief Requested

WHEREFORE, Plaintiff, Dana Jones, by counsel, respectfully requests that this Court find for her and order that:

1. Defendant provide Jones with a reasonable accommodation, including but not limited to, allowing her to work at a location other than Meridian Ave.

2. Defendant reinstate Jones to the same or similar position, salary, and seniority, or pay front pay and benefits to Jones in lieu of reinstatement;

3. Defendant pay lost wages and benefits to Jones;

4. Defendant pay punitive damages to Jones;

5. Defendant pay compensatory damages to Jones;

6. Defendant pay pre- and post-judgment interest to Jones;

7. Defendant pay Jones's attorneys' fees and costs incurred in litigating this action; and

8. Defendant pay to Jones any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

s/ Meghan U. Lehner
Meghan U. Lehner (25899-49)
meghan@clcattorneys.com

# DEMAND FOR JURY TRIAL

The Plaintiff, Dana Jones, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

s/ Meghan U. Lehner
Meghan U. Lehner (25899-49)
meghan@clcattorneys.com

Counsel for Plaintiff Dana Jones

CLEVELAND LEHNER CASSIDY
8250 Haverstick Road, Suite 235
Indianapolis, IN 46240
Tel: 317-388-5424
Fax: 317-947-1863
www.clcattorneys.com